UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

                    Plaintiff,

          -v-                                  5:19-CV-1595

JENNIE L. ANDREWS; NEW YORK
STATE AFFORDABLE HOUSING
CORPORATION, a subsidy of New York
State Housing Finance Agency; JOHN
DOE; MARY ROE; and XYZ
CORPORATION,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

PINCUS LAW GROUP, PLLC-NASSAU       BARRY WEISS, ESQ.
Attorneys for Plaintiff             CYNTHIA MALONE, ESQ.
425 RXR Plaza
Uniondale, New York 11556

HON. LETITIA JAMES                  AUDREY V. ALEXANDER, ESQ.
Attorney General for the State      Assistant Attorney General
   of New York
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

On December 20, 2019, plaintiff the United States of America (the

"Government") filed a foreclosure complaint under against defendants Jennie

L. Andrews ("Andrews"), the New York State Affordable Housing Corporation (the "State" and with Andrews "defendants"), as well as several unnamed placeholder defendants.[1]  Dkt. 1.  Although the State appeared, no defendant ever responded to the complaint.  *See* Dkt. 8.  On February 25, 2020, the Government moved for entry of default against Andrews and the State. Dkt. 6.  On February 28, 2020, the Clerk of Court entered default against both defendants.  Dkt. 7.  Finally, on March 14, 2022, the Government moved for default judgment against both defendants under Federal Rule of Civil Procedure ("Rule") 55.  Dkt. 33.  Because neither defendant has responded, the motion will be decided on the Government's submissions.

Under Rule 55, a district court may grant default judgment against a party for the failure to plead or otherwise defend an action.  Fed. R. Civ. P. 55; *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  A party moving for default judgment must first attain an Entry of Default from the Clerk of the Court.  Fed. R. Civ. P. 55(a).  Once default is established, the Court must "accept all . . . factual allegations as true and draw all reasonable inferences in" the moving party's favor.  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  However, a district court still must determine whether the

---

[1] Because the Government itself is plaintiff in this foreclosure action, this Court has jurisdiction over this dispute under 28 U.S.C. § 1345 ("§ 1345").

allegations and evidence establish the defendant's liability as a matter of law before default judgment can attach. *Id.*

The first step of securing a default judgment can be resolved easily enough. The Government has properly attained an entry for default and moved for default judgment. Dkts. 7; 33.

As for the second step of the sufficiency of the pleadings, to establish liability for a mortgage foreclosure in a proceeding under § 1345, the Government must prove three elements. *See United States v. Barton*, 2006 WL 842922, at *1-2 (E.D.N.Y. Mar. 28, 2006) (granting summary judgment for the Government in a mortgage foreclosure proceeding with § 1345 jurisdiction). First, it must establish the existence of a promissory note and mortgage held by the Government. *Id.* at 2. Second, it must prove the defendant's default on the loan secured by the note and mortgage. *Id.* Third, in the event that ownership of the property has changed hands, the Government must prove that a defendant's deed was taken subject to the mortgage. *Id.*

The Government has properly alleged each of the requisite facts in its complaint. It has alleged that it held a promissory note against Andrews and the State, and a mortgage on property situated at 22 Lincoln Avenue, Tully,

New York ("22 Lincoln Avenue").  Dkt. 1, pp. 7-18.[2]  It has also alleged that

both defendants defaulted on that note.  *Id.* ¶¶ 7-9.  Thus, default

judgment—and by extension foreclosure on 22 Lincoln Avenue—is

appropriate, and the Government's motion must be granted.

In addition to moving for default judgment, the Government has also

moved for attorney's fees.  To that end, the mortgage and promissory note

expressly provide that default on the mortgage entitles the holder of the

mortgage to "be paid back . . . for all of its costs and expenses in enforcing

this promissory note to the extent not prohibited by applicable law.  Those

expenses include, for example, reasonable attorney's fees."  Dkt. 1, p. 8.

Courts in this Circuit have granted costs and attorney's fees to prevailing

plaintiffs on the basis of this language alone.  *Eastern Sav. Bank, FSB v.

Beach*, 2014 WL 923151, at *1, 12 (E.D.N.Y. Mar. 10, 2014) (adopting report

and recommendation granting costs and attorney's fees for nearly identical

passage).  Thus, the Government is entitled to all attorney's fees for which it

has made a proper showing.[3]

In assessing whether a request for attorney's fees is reasonable, "[b]oth

[the Second Circuit] and the Supreme Court have held that . . . the product of

a reasonable hourly rate and the reasonable number of hours required by the

---

[2] Pagination corresponds with CM/ECF.
[3] The Government has made no request to recover its costs in filing this action.

case . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The resulting product "should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation." *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

Naturally, this calculation depends on the hourly rates employed in the district in which the reviewing court sits. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). Courts in this district have recently determined hourly rates of: between $250 and $350 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals, to be reasonable. *Deferio v. City of Syracuse*, 2018 WL 3069200, at *3 (N.D.N.Y. June 21, 2018).

Once the typical hourly rate is established, the court should "bear in mind *all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 190. Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill level required by the case; (4) the preclusion of employment with other clients due

5

to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the extent of involvement in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 186 n.3 (internal citations omitted).

Ultimately, a fee is presumptively reasonable if it is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons*, 575 F.3d at 174 (internal citations and quotation marks omitted).

For its work in this case, the Government's counsel requests a flat fee in the amount of $3,875.00. Dkt. 33-14, ¶ 5. As this Court has already cautioned the Government's counsel, however, flat fees are typically frowned upon in this district. *See, e.g.*, *United States v. Carter*, 2020 WL 819320, at *3 (N.D.N.Y. Feb. 19, 2020) (denying attorney's fee request without prejudice when requesting flat fee for foreclosure). But to counsel's credit, this time their fee request was accompanied with contemporaneous records listing at least a portion of their hours worked. Dkt. 33-14, ¶¶ 3-4.

The Court has reviewed the Government's submissions and finds that the fee their counsel has requested is comfortably within the range of what an

experienced attorney with a paralegal's help could expect in this district. *Compare Deferio*, 2018 WL 3069200, at \*3 (finding range of $250-350 per hour appropriate for experienced attorney and $80-90 per hour appropriate for paralegal), *with* pincuslaw.com/attorneys/barry-m-weiss (noting that counsel is attorney with more than thirty years' experience with specialization in real estate and foreclosure litigation), *and* Dkt. 33-14, ¶¶ 3-4 (noting that counsel worked 9.5 hours on this case with an additional 9.5 hours of paralegal work, for range of $3,135-4,180).  The Government's fee request must therefore be granted.

Therefore, it is

ORDERED that

1. The Government's Rule 55 motion for default judgment is GRANTED;

2. The Government's motion for attorney's fees is GRANTED;

3. The remaining defendants are DISMISSED at the Government's request; and

4. The Clerk of the Court is directed to enter judgment of foreclosure and attorneys' fees in the amount of $3,875.00 as provided for in the Government's Proposed Order/Judgment at Dkt. 33-15 and close the case file.

IT IS SO ORDERED.

7

Dated:  April 11, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge