IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff

-v-

Jennie L. Andrews a/k/a Jennie Lynn Andrews
22 Lincoln Ave.
Tully, NY 13159

New York State Affordable Housing Corporation,
A subsidy of New York State Housing Finance
Agency
641 Lexington Avenue
New York, NY 10022

John Doe, Mary Roe, and XYZ Corporation
22 Lincoln Ave.
Tully, NY 13159

Civil No.: 5:19-cv-1595
(DNH/TWD)

DEFAULT JUDGMENT AND JUDGMENT OF FORECLOSURE AND SALE

On the original Summons and Complaint and Notice of Pendency of this action, all filed in the office of the Clerk of this Court, and upon due proof of service upon each of the defendants in this action, and upon the Affirmation of Barry M. Weiss dated March 14, 2022, and upon the Declaration of Michelle W. Barnard dated March 14, 2022 by all of which it appears to the satisfaction of this Court that the Plaintiff is in all respects entitled to a default judgment pursuant

to Rule 55 of the Federal Rules of Civil Procedure and Section 1321 of the New York Real Property Actions and Proceedings Law, now upon the motion of the United States, it is

ORDERED, ADJUDGED AND DECREED, as follows:

That the motion for a default judgment against Jennie L. Andrews a/k/a Jennie Lynn Andrews and New York State Affordable Housing Corporation is granted; and

That the mortgaged premises described in the Complaint, as hereinafter set forth, and as described in Schedule A, being more commonly known as 22 Lincoln Avenue, Tully, New York, a parcel of land improved with a single family home, to be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties;

The name and phone number of the servicer for the Plaintiff is: United States Department of Agriculture, 1-800-414-1226.

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, in one parcel, at a public auction at the U.S. Courthouse, 100 South Clinton Street, Syracuse, New York, 13261 by and under the direction of _____, Esq., with an office located at _____, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL §231 in _____; and it is further

The Appointed Referee shall give public notice of the time and place of sale as follows:

That the Appointed Referee cause to be sent by mail, a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

Jennie L. Andrews a/k/a Jennie Lynn Andrews
22 Lincoln Avenue
Tully, NY 13159

New York State Affordable Housing Corporation
641 Lexington Avenue
New York, NY 10022

    That the Appointed Referee shall post copies of the Notice of Sale in three (3) conspicuous public places in Onondaga County, New York where the premises are located;

    That the Appointed Referee cause the Notice to be published once weekly for four consecutive weeks in the _____ and _____ two newspapers of general circulation published in Onondaga County, where the mortgaged premises are located. The Notice need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as 22 Lincoln Avenue, Tully, New York.

    The Plaintiff or any other party to this action may become a purchaser on such sale.

    The Appointed Referee shall execute to the purchaser on such sale a deed of the premises sold and upon receiving the proceeds of sale, forthwith pay the following items:

    FIRST, Appointed Referee's fees and commissions on the said sale not exceeding, however, the sum of $500.00;

    SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

    THIRD, The sum of $202,079.07with interest continuing thereon from March 9, 2022 to the date of entry of judgment and, thereafter, interest on this amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. §1961(a), or so much thereof as the purchase money of the mortgaged premises will pay of the same and an award of attorney's fees

in the amount of $3,875.00 with interest on the award of attorney's fees continuing from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. §1961(a).

THAT in case the Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to an acquired by the Plaintiff and a valid assignment thereof filed with the Appointed Referee, the Appointed Referee shall not require the Plaintiff to pay in cash, the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the Appointed Referee of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by the Plaintiff, shall be allowed to the plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the Appointed Referee, upon delivery to it of said Appointed Referee's deed, the amount of said surplus; and that the Appointed Referee then shall make the payments as herein directed.

That the Appointed Referee take the receipt of the Plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale;

That the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on the order of this Court;

That the Appointed Referee make his report of such sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, as aforesaid, the Appointed Referee specify the amount of such deficiency in the Appointed Referee's Report of Sale.

The purchaser on such sale shall be let into possession of the premises sold upon production of the Appointed Referee's deed to such premises; and that it is still further

ORDERED, ADJUDGED AND DECREED that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof; and that it is still further

ORDERED, ADJUDGED AND DECREED that pursuant to Rule 15 of the Federal Rules of Civil Procedure, it is hereby ORDERED that the caption be amended to dismiss Defendants, John Doe, Mary Roe, and XYZ Corporation and the caption is hereby amended accordingly.

The description of the said premises is attached hereto as Schedule A, as previously stated herein.

IT IS SO ORDERED

DATED: April 11, 2022

David N. Hurd
U.S. District Judge

## LEGAL DESCRIPTION

ALL THAT TRACT OR PARCEL OF LAND, SITUATE IN THE TOWN OF TULLY, COU[NTY OF] ONONDAGA AND STATE OF NEW YORK, BEING PART OF LOT NO. 39 IN SAID TO[WN,] BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING IN THE CENTER OF LIN[COLN] STREET IN THE VILLAGE OF TULLY, AT A POINT TEN (10) FEET, MEASURED NOR[TH] ALONG THE CENTER LINE OF SAID STREET, FROM THE NORTHEAST CORNER [OF] PREMISES CONVEYED BY JULIA BUGBEE TO ADDIE L. SPENCE BY DEED DATE[D] 28, 1913, AND RECORDED IN THE ONONDAGA COUNTY CLERK'S OFFICE ON MA[Y] 1923 IN BOOK OF DEEDS 485 AT PAGE 309 &C.; THENCE SOUTHERLY ALONG TH[E] LINE OF SAID STREET 60 FEET; THENCE WESTERLY TO THE NORTHEAST CORN[ER OF] THE LUMBER YARD LOT AND THE SOUTHEAST CORNER OF THE HOUSE LOT F[ORMERLY] OWNED BY ZENAS BARRETT; THENCE NORTHERLY ALONG SAID BARRETT'S EA[ST] FEET; THENCE EASTERLY TO THE PLACE OF BEGINNING, CONTAINING MORE [OR LESS] LAND.

THE ABOVE DESCRIBED PREMISES CAN ALSO BE DESCRIBED AS FOLLOWS: A[LL] TRACT OR PARCEL OF LAND, SITUATE IN THE TOWN OF TULLY, COUNTY OF ON[ONDAGA] AND STATE OF NEW YORK, BEING PART OF LOT NO. 39 IN SAID TOWN, BOUNDE[D AND] DESCRIBED AS FOLLOWS: BEGINNING IN THE CENTER LINE OF LINCOLN STRE[ET IN] VILLAGE OF TULLY, AT A POINT WHICH IS THE NORTHEAST CORNER OF THE P[REMISES] OF THE TOWN OF TULLY (BOOK 2147 AT PAGE 192) AND WHICH POINT IS LOCA[TED] NORTHERLY ALONG THE CENTER LINE OF LINCOLN AVENUE A DISTANCE OF 1[?] MORE OR LESS, FROM THE INTERSECTION OF THE CENTER LINE OF DOUGLAS [STREET] AND THE CENTER LINE OF LINCOLN AVENUE; THENCE S. 72 DEGREES 46' 43" W[, A] DISTANCE OF 167.30 FEET TO AN IRON PIN; THENCE N 16 DEGREES 10' 30" W, A[ ] DISTANCE OF 60 FEET TO AN IRON PIN; Thence N 72 DEGREES 46' 43" E, A DISTA[NCE OF] 166.59 FEET TO THE CENTER LINE OF LINCOLN AVENUE; THENCE S 16 DEGREE[S] ALONG THE CENTER LINE OF LINCOLN AVENUE A DISTANCE OF 60 FEET TO TH[E POINT] AND PLACE OF BEGINNING.

For Conveyancing Only
Together with all right, title and interest of, in and to any streets and roads abuttin[g the] described premises.